# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ERIC GEROW,**

    **Plaintiff,**

**v.**                                                                   **Case No: 8:22-cv-2976-MSS-JSS**

**GAVIN NEWSOM, et al.,**

    **Defendants.**

_____

## ORDER

    **THIS CAUSE** comes before the Court for consideration of Plaintiff's three Motions for Judicial Notice, (Dkts. 105, 106, 107), and Defendants' response in opposition thereto. (Dkt. 108) In the motions, Plaintiff requests the Court take judicial notice of certain documents and facts he believes are relevant to the Court's adjudication of the pending motions to dismiss the Second Amended Complaint. (Dkts. 60, 67, 68, 81)

    The Court takes judicial notice of public records not subject to reasonable dispute. Specifically, the Court may take judicial notice of two pages from the "Collection Procedure Manual" of the California Franchise Tax Board (the "FTB") and the State of California Certificate of Honor presented to the TRaCE Task Force, signed by then-Lieutenant-Governor Gavin Newsom. (Dkts. 105, 106) The contents of the "Collection Procedure Manual" and the Certificate of Honor "can be accurately and readily determined from sources whose accuracy cannot reasonably be

questioned." Fed. R. Evid. 201(b); see <u>Ambrose v. St. Johns Cnty. School Bd.</u>, 664 F. Supp. 3d 1322, 1327 n.5 (M.D. Fla. 2023). Accordingly, the Court finds it may take judicial notice of these items under Rule 201(b) if relevant to the resolution of the pending motions.

The Court declines to judicially notice disputed facts; therefore, the Court denies Plaintiff's requests in his third Motion for Judicial Notice. (Dkt. 107) The order Plaintiff alleges Michael Sapoznikow issued to the FTB to "blacklist" Plaintiff is not before the Court at this time, and it cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Similarly, Defendants dispute the veracity of Plaintiff's complaints in his third Motion for Judicial Notice about Mr. Sapoznikow's alleged order, and his complaints cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." <u>Id.</u>

Finally, Plaintiff requests the Court order Mr. Sapoznikow produce a copy of the alleged order referenced in Plaintiff's third Motion for Judicial Notice. The Court declines to rule on discovery issues at this stage in the proceedings. <u>See generally</u> Fed. R. Civ. P. 26.

Upon consideration of the requests, and being otherwise fully advised, the Court hereby **ORDERS** as follows:

1. Plaintiff's Motion for Judicial Notice, (Dkt. 105), is **GRANTED**.
2. Plaintiff's Motion for Judicial Notice, (Dkt. 106), is **GRANTED**.
3. Plaintiff's Motion for Judicial Notice, (Dkt. 107), is **DENIED**.

4. Plaintiff's request that this Court order Defendants produce a copy of the alleged order from Mr. Sapoznikow is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of April 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person