# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**ERIC GEROW,**

    **Plaintiff,**

v.                                         Case No: 8:22-cv-2976-MSS-JSS

**GAVIN NEWSOM, et al.,**

    **Defendants.**

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Judicial Notice, (Dkt. 137), and the California Executive Branch Defendants' response thereto.[1] (Dkt. 142) In the Motion, Plaintiff requests the Court take judicial notice of the contents of a letter Plaintiff received on July 3, 2024 (the "July 3 letter"). (Dkt. 137 at 1) The letter purportedly was sent by the California Franchise Tax Board (the "FTB"). (Id.) The California Executive Branch Defendants do not dispute the authenticity of the July 3 letter, but dispute that it is relevant to any pending issue before the Court. (Dkt. 142 at 2) Plaintiff also requests the Court take judicial notice

---

[1] The "California Executive Branch Defendants" are Governor Gavin Newsom, the California Department of Justice, Rob Bonta, the California State Transportation Agency, Toks Omishakin, the California Highway Patrol, Amanda Ray, Warren Stanley, the California Government Operations Agency, Amy Tong, Marybel Batjer, the California State Controller's Office, Betty Yee, Richard Chivaro, Shawn Silva, Yvette Stowers, the California Department of Finance, Joe Stephenshaw, Keely Bosler, Estella Simoneau, Antonio Vasquez, Malia Cohen, Vikram Mandla, the California Franchise Tax Board, Selvi Stanislaus, Jozel Burnett, Margeurite Esquivido, Erik Scheidegger, Brenda Voet, the California Department of General Services, Ana Lasso, Nick Wagner, the Little Hoover Commission, and the California Office of Tax Appeals.

of Plaintiff's attempt, in response to the July 3 letter, to resolve his dispute with the FTB. (Dkt. 137 at 8) Specifically, Plaintiff asks the Court to judicially notice facts he alleges in the Motion about his interactions with two FTB employees. (Id. at 2–4) Finally, Plaintiff requests the Court judicially notice that the July 3 letter is identical to a letter Plaintiff received in November 2023 which is not before the Court, and that the FTB took no action in response to Plaintiff's response to the November 2023 letter. (Id. at 9)

The Court takes judicial notice of records that are not subject to reasonable dispute. Specifically, the Court may take judicial notice of the July 3 letter. The contents of the July 3 letter "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); see Ambrose v. St. Johns Cnty. School Bd., 664 F. Supp. 3d 1322, 1327 n.5 (M.D. Fla. 2023). Moreover, the California Executive Branch Defendants do not dispute the authenticity of the July 3 letter. (Dkt. 142 at 2) Accordingly, the Court finds it may take judicial notice of this item under Rule 201(b) if relevant to the resolution of the pending motions.

The Court declines to judicially notice disputed facts; therefore, the Court denies Plaintiff's requests related to his conversations with FTB employees and the FTB's alleged failure to assist Plaintiff in resolving his dispute. The California Executive Branch Defendants dispute these alleged facts, and they cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Upon consideration of the requests, and being otherwise fully advised, the Court hereby **ORDERS** that Plaintiff's Motion for Judicial Notice, (Dkt. 137), is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion for Leave to Reply to Defendants' Response, (Dkt. 141), is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of July 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person