UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ERIC GEROW,**

    **Plaintiff,**

v.                                                   Case No: 8:22-cv-2976-MSS-JSS

**GAVIN NEWSOM, et al.,**

    **Defendants.**

_____

**ORDER**

**THIS CAUSE** comes before the Court for consideration of the California Executive Branch Defendants' Motion to Dismiss the Second Amended Complaint, (Dkt. 68), and Plaintiff's response thereto. (Dkt. 125) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' Motion.

**I.  BACKGROUND**

    a.  **Procedural Background**

On October 16, 2023, Plaintiff filed the Second Amended Complaint in this action against 51 named defendants, as well as "Jane or John Does 1–100." (Dkt. 51) Plaintiff, proceeding *pro se*, alleges Defendants participated in a conspiracy to seize Plaintiff's property unlawfully on the basis that Plaintiff failed to pay California state taxes. (Id.)

Among others, Plaintiff names the following individuals and entities as

defendants in this action: Governor Gavin Newsom, the California Department of Justice, Rob Bonta, the California State Transportation Agency, Toks Omishakin, the California Highway Patrol, Amanda Ray, Warren Stanley, the California Government Operations Agency, Amy Tong, Marybel Batjer, the California State Controller's Office, Betty Yee, Richard Chivaro, Shawn Silva, Yvette Stowers, the California Department of Finance, Joe Stephenshaw, Keely Bosler, Estella Simoneau, Antonio Vasquez, Malia Cohen, Vikram Mandla, Selvi Stanislaus, Jozel Brunett, Margarita Esquivido, Erik Scheidegger, Brenda Voet, the California Department of General Services, Ana Lasso, Nick Wagner, the Little Hoover Commission, and the California Office of Tax Appeals. (Id.) The Court refers to these defendants collectively in this Order as the "California Defendants." Also named as a defendant in the Complaint is the California Franchise Tax Board ("Defendant FTB"). (Id.)

Plaintiff asserts various claims against the California Defendants. (See, e.g., id. at ¶ 415) Specifically, Plaintiff alleges each of the California Defendants is either directly or indirectly liable for the same thirty-four causes of action. For example, Plaintiff raises the following counts against Defendant Governor Gavin Newsome: Violation of 1st Amendment Rights: Freedom of Speech; Violation of 1st Amendment Rights: Freedom to Petition; Violation of 1st Amendment Rights: Freedom of Assembly Violation of 4th Amendment Rights, Search and Seizure; Violation of 5th Amendment Rights, Due Process; Violation of 6th Amendment Rights, Due Process; Violation of 8th Amendment Rights: Excessive Fines; Violation of 14th Amendment Rights: Due Process; Violation of Article 1, Section 8, Clause 3 of the U.S.

2

Constitution (the "Commerce Clause"); Violation of Article 1, Section 10 of the U.S. Constitution ("Bill of Attainder"); Violation of Civil Rights Act of 1871; 42 U.S.C. § 1983 et seq. ("Deprivation of Rights"); Violation of Florida Statutes § 895.01-895.06 ("Florida RICO Act"); Violation of 18 U.S.C. § 241 et seq. ("Conspiracy against Rights"); Violation of 18 U.S.C. § 242 et seq. ("Deprivation of rights under color of law"); Violation of 18 U.S.C. Chapter 96 et seq. (the "Racketeer Influenced and Corrupt Organizations Act"); Violation of 18 U.S.C. § 1343 et seq. ("Fraud by wire, radio, or television"); Violation of 18 U.S.C. § 1341 et seq. ("Mail Fraud"); Violation of 18 U.S.C. § 1344 et. seq. ("Bank Fraud"); Violation of 18 U.S.C. § 371 et. seq. ("Conspiracy"); Violation of 18 U.S.C. § 2314 et. seq. ("Interstate Transportation of Stolen Goods"); Violation of 18 U.S.C. § 2315 et. seq. ("Sale or Receipt of Stolen Goods, Securities, Moneys"); Violation of 18 U.S.C. § 371 et. seq. ("Conspiracy to Violate the Mail Fraud or Wire Fraud Statutes"); Violation of 18 U.S.C. § 1951 et. seq. (the "Hobbs Act"); Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; Conversion; Fraud; Violation of 18 U.S. Code § 2331(5) "Domestic Terrorism"; Violation of California Civil Code § 52.1 ("The Tom Banes Civil Rights Act"); Violation of Article 1, Section 23 of the Florida State Constitution, "The Right to Privacy"; Violation of 5th Amendment Rights: "The Takings Clause"; Abuse of Process; and Unjust Enrichment.

      Plaintiff does not list causes of action alleged against Defendant FTB but does request a declaratory judgment that Defendant FTB's seizure practices violate the Constitution. (Dkt. 51 at 272–73) Plaintiff also requests this Court order the U.S.

3

Department of Justice to review Defendant FTB's seizure practices. (Id. at 273) Moreover, Plaintiff requests the Court enjoin "any and all seizure activities by the [FTB]" until the FTB complies with the Constitution. (Id. at 274)

The California Defendants and Defendant FTB jointly filed a motion to dismiss the Second Amended Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

In support of his claims, Plaintiff alleges the following facts.

### b. Alleged Facts

In 2015, "the tax collection agency of the State of California," (id. at ¶ 87), Defendant FTB, "carried out an illegal interstate seizure of Plaintiff's bank account, with no warning or due process." (Id. at ¶ 167) At the time of the seizure, Plaintiff had not lived or worked in California for over a decade and the taxes Defendant FTB assessed against Plaintiff were based on an "imputed California earned income." (Id. at ¶¶ 168, 170) To find this imputed California income, Defendant FTB "calculate[es] an imaginary number . . . that may hypothetically have been earned by someone in the State of California, had a taxpayer resided in the State of California. It is not based on facts, actual income, or the actual residence of the taxpayer." (Id. at ¶ 170) Meanwhile, Defendant FTB knew Plaintiff had not resided in California for over a decade and knew that Plaintiff had no imputed earned California income. (Id. at ¶ 172) Plaintiff "made extensive good-faith attempts to attempt to resolve the unlawful seizure with the FTB and seek return of his money." (Id. at ¶ 169)

Defendant FTB "had a duty of care to act with proper diligence and make proper inquiries and due diligence before assigning Plaintiff a tax liability" or levying his bank account. (Id. at ¶ 172) Defendant FTB "admitted in writing that the seizure had been based on multiple FTB mistakes, errors, and omissions." (Id. at ¶ 174) Later, Defendant FTB covered up the evidence of these mistakes and refused to release their documentation to Plaintiff in violation of California's Public Records Act. (Id.)

> In 2018 after many fruitless attempts to reason with the FTB and obtain his illegally seized funds, Plaintiff contacted elected representatives and law enforcement to file a complaint about the unlawful FTB seizure. Shortly after Plaintiff filed these complaints the FTB again emptied Plaintiff's bank account for a second time to the last penny.

(Id. at ¶ 175) This second seizure was retaliation for lodging complaints against Defendant FTB. (Id. at ¶ 177) Since then, "the FTB has maintained a constant posture of harassing Plaintiff[,]" and "has sent Plaintiff numerous demand notices with increasingly wild figures allegedly owed[.]" (Id. at ¶ 178)

"In an attempt to resolve the situation, Plaintiff contacted other California state agencies, officers, and elected officials who had legally mandated oversight responsibility for the FTB[.] In every case[,] his attempts at resolution were ignored or rebuffed." (Id. at ¶ 181) These agencies, officers, and officials, including the California Defendants, "acted in direct collusion with the FTB to deprive Plaintiff of his right to redress." (Id.) "Defendants entered into a conspiracy among themselves to effect a ban on any assistance or redress to Plaintiff, in violation of Plaintiff's constitutional rights." (Id.)

5

Defendants "conspired with each other to begin a campaign of harassment of Plaintiff . . . to terrorize Plaintiff into silence, to retaliate against Plaintiff for filing complaints, and to bully Plaintiff into abandoning his legitimate complaints and his unlawfully seized funds." (Id. at ¶ 182)

## II.   LEGAL STANDARDS

### a. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case[.]" Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Motions to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). If the challenge is facial, the court merely evaluates whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. McElmurray v. Consol. Gov. of Augusta-Richmond Cnty., 501 F.3d 1244, 1251 (11th Cir. 2007).

### b. Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

### c. Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b) permits a party to assert various defenses, including the defense of lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In the complaint, a plaintiff must make a *prima facie* showing of personal jurisdiction over a non-resident defendant. See AcryliCon USA, LLC v. Silikal GmbH, 985 F.3d 1350, 1364 (11th Cir. 2021). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). "If the plaintiff

pleads enough facts to state a prima facie basis for personal jurisdiction, the burden of proof shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings." PROCON USA COLLECTIONS, INC. v. Charnquist, No. 14–cv–02560, 2015 WL 1418757, at *1 (M.D. Fla. Mar. 27, 2015) (citing S.E.C. v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 2006)). "If the defendant sufficiently challenges the plaintiff's assertions, then the plaintiff must affirmatively support its jurisdictional allegations set forth in the complaint[.]" Id.

### III. DISCUSSION

The California Defendants and Defendant FTB move to dismiss the Complaint for several reasons. First, they argue that to the extent Plaintiff's claims request relief which would enjoin, suspend, or restrain the assessment or collection of California state taxes, those claims must be dismissed for lack of subject matter jurisdiction. Specifically, they argue that all of Plaintiff's requests for relief as to Defendant FTB must be dismissed because this Court lacks jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341. Next, the California Defendants contend that the causes of action alleged against many of them must be dismissed for failure to state a claim. The California Defendants also argue Plaintiff fails to establish this Court's personal jurisdiction over them, Plaintiff lacks Article III standing, and sovereign immunity bars the relief Plaintiff seeks.

#### a. Lack of Subject Matter Jurisdiction: Tax Injunction Act

The California Defendants and Defendant FTB argue that the Tax Injunction Act deprives this Court of jurisdiction to order relief which would interfere with the

FTB's collection of state taxes. The Tax Injunction Act states, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "The Tax Injunction Act is a 'jurisdictional rule' and constitutes a 'broad jurisdictional barrier.'" I.L. v. Alabama, 739 F.3d 1273, 1282 (11th Cir. 2014) (quoting Moe v. Confederated Salish & Kootenai Tribes of Flathead Rsrv., 425 U.S. 463, 470 (1976)). The Act "restricts the power of federal district courts to prevent collection or enforcement of state taxes." Arkansas v. Farm Credit Servs. of Cent. Ark., 520 U.S. 821, 823 (1997). Even when "important constitutional rights are at issue," district courts lack jurisdiction to review disputes which concern taxes under state law if an adequate state remedy exists. Miami Herald Pub. Co. v. City of Hallandale, 734 F.2d 666, 672–73 (11th Cir. 1984) (citing California v. Grace Brethren Church, 457 U.S. 393 (1983)) ("Nor is the jurisdictional bar to challenging state tax laws in federal courts avoided when suit is brought under 42 U.S.C. § 1983.").

The Tax Injunction Act bars federal jurisdiction if: "(1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy[.]'" Williams v. City of Dothan, 745 F.2d 1406, 1411 (11th Cir. 1984). Plaintiff requests a declaratory judgment that Defendant FTB's seizure practices violate the Constitution. (Dkt. 51 at 272–73) Plaintiff also requests this Court order the U.S. Department of Justice to review Defendant FTB's seizure practices. (Id. at 273) Moreover, Plaintiff requests the Court enjoin "any and all seizure activities by the [FTB]" until Defendant FTB

9

complies with the Constitution. (Id. at 274) Plaintiff also requests the Court order the return of funds that were collected from Plaintiff through a state tax bank levy. (Id. at 275) Under the Tax Injunction Act, this Court lacks jurisdiction to grant Plaintiff's requested relief unless there is no "plain, speedy and efficient remedy" in the state court.

California law provides a plain, speedy, and efficient remedy to Plaintiff's claim that Defendant FTB has assessed and collected taxes against him wrongfully. Hyatt v. Yee, 871 F.3d 1067, 1074–78 (9th Cir. 2017). "[T]he test of an adequate state court procedure is whether it provides taxpayers 'with a "full hearing and judicial determination" at which [they] may raise any and all constitutional objections to the tax.'" Williams, 745 F.2d at 1412 (quoting Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 514 (1981)). Cf. id. (finding Alabama's remedy inadequate because the state court's jurisdiction to review objections to tax assessments was limited by statute, preventing taxpayers from obtaining a full hearing and judicial determination of constitutional claims in state court). In California, a taxpayer who seeks to "prevent or enjoin the assessment or collection" of a California residency-based income tax must exhaust administrative remedies before filing suit in state court. Cal. Rev. & Tax. Code § 19381 (2024).

> If the Tax Board acts on the challenger's refund claim and denies it, a taxpayer "claiming that the tax computed and assessed is void . . . may bring an action [in state court], upon the grounds set forth in that claim for refund . . . for the recovery of the . . . amount paid" plus interest.

Hyatt, 871 F.3d at 1070–71 (citing Cal. Rev. & Tax. Code § 19382 (2024)). California

10

law permits constitutional claims to be raised as challenges to tax computations or assessments. Id. at 1077 (citations omitted). Thus, California provides taxpayers with a full hearing at which they may raise any and all constitutional objections to the tax, and it provides an avenue for subsequent judicial determination. Williams, 745 F.2d at 1412 (citations omitted). For this reason, the Tax Injunction Act bars this Court from reaching the merits of Plaintiff's claims to the extent they seek to enjoin or restrain California's assessment or collection of state taxes.

For these reasons, the Complaint is **DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction as to Defendant FTB**. To the extent Plaintiff's claims against the California Defendants request relief such that this Court's exercise of jurisdiction would violate the Tax Injunction Act, those claims are also due to be **DISMISSED**.

California state court is the forum for Plaintiff's claims related to his challenges to California's state taxes. Any and all adverse decisions rendered in the state court would be appealable to the highest court in California, and then to the United States Supreme Court.

### b. Failure to State a Claim

Plaintiff fails to plead grounds for his entitlement to relief against the California Defendants, therefore, the Complaint against these Defendants is due to be dismissed. For most of the California Defendants, Plaintiff asserts merely that the defendant ignored or failed to respond to Plaintiff's complaints about the FTB's alleged pattern

of unconstitutional conduct.[1] These allegations do not set forth a breach of any common law or statutory duty owed to Plaintiff. For some defendants, Plaintiff adds to these allegations that the defendants conspired with other defendants to let "abusive conduct continue unimpeded." (See, e.g., Dkt. 51 at ¶ 429) Also, for some defendants, Plaintiff adds that the defendant falsified documents to cover up Plaintiff's complaints. (See, e.g., id. at ¶ 452, 460) Without more detail, these allegations do not state a plausible claim for relief. Twombly, 550 U.S. at 560–64. These allegations fail to state a claim for relief, thus, they are due to be dismissed.

### a. Lack of Personal Jurisdiction

Assuming, *arguendo*, Plaintiff stated a claim for relief against any of the California Defendants, Plaintiff fails to establish a *prima facie* case of personal jurisdiction over them. To determine personal jurisdiction over a non-resident defendant, courts use a two-part analysis. Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990). First, the court must determine whether a statutory basis for personal jurisdiction over the defendant exists. See id.; S.E.C. v. Marin, 982 F.3d 1341, 1349 (11th Cir. 2020). Next, the court must decide whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the

---

[1] See the allegations related to the claims against the following defendants: California Department of Justice, Attorney General Rob Bonta, Defendant Secretary Toks Omishaken, Commissioner Amanda Ray, Commissioner Warren Stanley, California Government Operations Agency, Secretary Amy Tong, Marybel Batjer, California State Controller, Shawn Silva, Yvette Stowers, Richard John Chivaro, California Department of Finance, Joe Stephenshaw, Keely Bosler, Estella Simoneau, Antonio Vasquez, Malia Cohen, Selvi Stanislaus, Jozel Brunett, Margeurite Esquivido, Erik Scheidegger, Brenda Voet, California Department of General Services, Ana M. Lasso, Nick Wagner, and Little Hoover Commission.

either the Fifth or the Fourteenth Amendments.[2] Cable/Home Commc'n Corp., 902 F.2d at 855 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The "maintenance of the suit" must not "offend traditional notions of fair play and substantial justice." Id. (internal quotations omitted). If the complaint lacks allegations to show jurisdiction is appropriate under either part of the analysis, the plaintiff fails to establish a *prima facie* case of personal jurisdiction.

Plaintiff makes no specific allegations to establish this Court's personal jurisdiction over the California Defendants. Rather, Plaintiff's allegations related to personal jurisdiction generally refer to all Defendants named in the Complaint. Plaintiff alleges this Court has personal jurisdiction over all Defendants under 18 U.S.C. § 1965 and under Florida's long-arm statute.

### i. Personal Jurisdiction Under 18 U.S.C. § 1965

Plaintiff cannot establish personal jurisdiction over the California Defendants under 18 U.S.C. § 1965 because he has not served process on the California Defendants.[3] Plaintiff seeks to establish personal jurisdiction over the California Defendants under the RICO statute's nationwide service of process provision. 18 U.S.C. § 1965(d). When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction over a person served according to

---

[2] If the statutory basis for personal jurisdiction is a federal statute, personal jurisdiction must comport with the Due Process Clause of the Fifth Amendment. If, however, the statutory basis for personal jurisdiction is the forum state's long-arm statute, personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. S.E.C. v. Marin, 982 F.3d at 1349.

[3] Plaintiff only served process on Defendant California State Auditor, (Dkt. 17), Victor Keesey, (Dkt. 21), Timothy Johnstone, (Dkt. 22), Philip A. Talbert, (Dkt. 23), and Anne Marie Schubert. (Dkt. 24) None of these defendants are one of the California Defendants. (Dkt. 68 at 1 n.1)

13

the statute. S.E.C. v. Marin, 982 F.3d at 1349; S.E.C. v. Carrillo, 115 F.3d 1540, 1543 (11th Cir. 1997) (explaining "service of process constitutes the vehicle by which the court obtains jurisdiction"). To establish personal jurisdiction in this way, a plaintiff must serve the defendant "'according to' RICO's nationwide service of process provision." Don't Look Media LLC v. Fly Victor Ltd., 999 F.3d 1284, 1292–93 (11th Cir. 2021) (finding personal jurisdiction based on 18 U.S.C. § 1965(d) inappropriate where the plaintiff did not serve any defendant in any United States judicial district). The California Defendants have not been served with process in this case. Therefore, they have not been served "'according to' RICO's nationwide service of process provision." Id. Consequently, Plaintiff cannot establish personal jurisdiction under 18 U.S.C. § 1965(d).

### ii. Personal Jurisdiction Under the Forum State's Long-Arm Statute

Plaintiff similarly fails to establish personal jurisdiction based on Florida's long-arm statute. Florida's long-arm statute provides for both general and specific personal jurisdiction. § 48.193, Fla. Stat. (2023). A court has general personal jurisdiction if the defendant engaged in "substantial and not isolated" activity in Florida. Id. at § 48.193(2). Florida courts have held that "substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. Autonation, Inc. v. Whitlock, 276 F. Supp. 2d 1258, 1262 (S.D. Fla. 2003). On the other hand, a Florida court may exercise specific personal jurisdiction if the defendant deliberately directed activities to Florida and the alleged injury to the plaintiff arises from those activities.

See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); see also § 48.193(1), Fla. Stat. (2023) (listing acts which, if committed in Florida, give rise to specific personal jurisdiction over the person or entity that committed them).

Plaintiff alleges no facts to show the California Defendants are subject to Florida's long-arm statute. First, Plaintiff fails to establish a *prima facie* case of this Court's general personal jurisdiction under Florida's long-arm statute because Plaintiff alleges no specific facts to support the conclusion that any of the California Defendants are engaged in "continuous and systematic" activity in Florida. Therefore, the Complaint contains no allegations to support this Court's general personal jurisdiction over the California Defendants.

Similarly, Plaintiff fails to establish a *prima facie* case of specific personal jurisdiction. Plaintiff never alleges any of the California Defendants purposefully directed activities to Florida. For most of the California Defendants, Plaintiff asserts merely that the defendant ignored or failed to respond to Plaintiff's complaints about the FTB's alleged pattern of misconduct.[4] For some defendants, Plaintiff adds to these allegations that the defendants conspired with other defendants to let "abusive conduct continue unimpeded." (See, e.g., Dkt. 51 at ¶ 429) For some defendants, Plaintiff adds that the defendant falsified documents to cover up Plaintiff's complaints. (See, e.g., id. at ¶ 452, 460) Or, for example, Plaintiff alleges Defendant California Highway Patrol, at Defendant Betty Yee's direction, "stalked and harassed Plaintiff at a . . . public event

---

[4] See *supra* note 3.

15

in Sacramento[.]" (Id. at ¶¶ 435, 444) Taken as true, the acts or omissions of the California Defendants Plaintiff alleges in the Complaint to establish liability occurred within California.

According to Plaintiff's allegations, the California Defendants have not purposefully directed any of their activities to Florida. Therefore, this Court finds Plaintiff fails to establish a *prima facie* case of specific personal jurisdiction under Florida's long-arm statute as to the California Defendants. Finding the exercise of neither general nor specific jurisdiction appropriate under the statute, the Court concludes Plaintiff fails to satisfy the first part of the analysis regarding whether this Court's exercise of personal jurisdiction is appropriate over these defendants.

### iii. Personal Jurisdiction Comporting With Due Process

Plaintiff similarly fails to establish the California Defendants have sufficient minimum contacts with Florida such that this Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. To satisfy the requirements of due process, the defendant must have sufficient "minimum contacts" with the forum state. Cable/Home Commc'n Corp., 902 F.2d at 855 (quoting Int'l Shoe Co., 326 U.S. at 316).

This Court finds Plaintiff has not alleged sufficient facts to show the California Defendants have sufficient minimum contacts with Florida. As discussed *supra*, based on Plaintiff's own allegations, the California Defendants have not committed any act by which they purposefully availed themselves of the privilege of conducting activities in Florida. For this reason, Plaintiff fails to establish the California Defendants have

minimum contacts with Florida sufficient to satisfy the Due Process Clauses of the Fifth and Fourteenth Amendments.

Thus, Plaintiff fails to establish a *prima facie* case of this Court's personal jurisdiction over the California Defendants, and Plaintiff's claims as to these defendants are due to be **DISMISSED WITHOUT PREJUDICE**. See Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1221 (11th Cir. 1999) (noting dismissal for lack of personal jurisdiction without prejudice precludes further litigation in Florida courts).

### IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. The California Executive Branch Defendants' Motion to Dismiss the Second Amended Complaint, (Dkt. 68), is **GRANTED**.

2. The Second Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant California Franchise Tax Board for lack of subject matter jurisdiction pursuant to the Tax Injunction Act.

3. The Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to the California Defendants for lack of personal jurisdiction.

**DONE and ORDERED** in Tampa, Florida this 24th day of July 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party