UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC GEROW,

   **Plaintiff,**

**v.**              Case No: **8:22-cv-2976-MSS-JSS**

GAVIN NEWSOM, et al.,

   **Defendants.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Legislative Defendants' Motion to Dismiss the Second Amended Complaint, (Dkt. 67), and Plaintiff's response thereto. (Dkt. 124) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendants' Motion.

## I. BACKGROUND

### a. Procedural Background

On October 16, 2023, Plaintiff filed the Second Amended Complaint in this action against 51 named defendants, as well as "Jane or John Does 1–100." (Dkt. 51) Plaintiff, proceeding *pro se*, alleges Defendants participated in a conspiracy to seize Plaintiff's property unlawfully on the basis that Plaintiff failed to pay California state taxes. (Id.) Specifically, Plaintiff alleges that in 2015 the California Franchise Tax Board (the "FTB") "carried out an illegal interstate seizure of Plaintiff's bank account, with no warning or due process." (Id. at ¶ 167) Plaintiff alleges that at the time of the

seizure, Plaintiff had not lived or worked in California for over a decade and that the

taxes the FTB assessed against Plaintiff were based on an "imputed California earned

income." (Id. at ¶¶ 168, 170) Plaintiff alleges he "made extensive good-faith attempts

to attempt to resolve the unlawful seizure with the FTB and seek return of his money."

(Id. at ¶ 169)

> In 2018 after many fruitless attempts to reason with the FTB and obtain his
> illegally seized funds, Plaintiff contacted elected representatives and law
> enforcement to file a complaint about the unlawful FTB seizure. Shortly after
> Plaintiff filed these complaints the FTB again emptied Plaintiff's bank account
> for a second time to the last penny.

(Id. at ¶ 175)

Additionally, Plaintiff alleges generally that Defendants "conspired with each

other to begin a campaign of harassment of Plaintiff . . . to terrorize Plaintiff into

silence, to retaliate against Plaintiff for filing complaints, and to bully Plaintiff into

abandoning his legitimate complaints and his unlawfully seized funds." (Dkt. 51 at ¶

182)

Plaintiff names the California State Senate, Senate President Pro Tempore Toni

Atkins, the California State Assembly, Erika Contreras, Sheron Violini, and Fred

Zermeno (collectively, the "Legislative Defendants") as defendants in this action.[1]

(Id.) Plaintiff asserts various claims against the Legislative Defendants. (See, e.g., id.

at ¶ 420) The Legislative Defendants filed a motion to dismiss the Second Amended

---

[1] Although the Court refers to these defendants collectively as the "Legislative Defendants" in this
Order, Defendants Erika Contreras, Sheron Violini, and Fred Zermeno are not elected legislators.
Rather, they are employees of the California legislature or employees of individual legislators.

Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), improper venue under Fed. R. Civ. P. 12(b)(3), and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

In support of his claims, Plaintiff alleges the following facts.

### b. Alleged Facts

The California State Senate ("Defendant Senate") and the California State Assembly ("Defendant Assembly") are legislative bodies of the State of California (together, the "California legislature"). (Id. at ¶¶ 416, 421) Defendants Senate and Assembly exercise direct oversight of the FTB. (Id.) Specifically, the FTB is required by law to present an annual report to the California legislature "for examination, review, and corrective action." (Id.) Additionally, Defendant Senate confirms the California Governor's appointees to positions "related to the FTB." (Id.)

Plaintiff notified Defendants Senate and Assembly of his complaints about the FTB. (Id. at ¶¶ 417, 422) Despite its mandate to oversee the FTB, Defendants Senate and Assembly ignored Plaintiff's complaints. (Id.) Defendant Senate circulated a "blacklist" about Plaintiff instructing that no member of Defendant Senate should assist Plaintiff for any reason. (Id. at ¶ 417) Defendant Senate conspired with the other Defendants to "allow their abusive behavior to go completely unchecked." (Id.) Defendant Assembly conspired with the other Defendants to ignore the FTB's behavior as long as the FTB came up with large sums of money each year for the use of Defendant Assembly and its members. (Id. at ¶ 422)

Defendant Toni Atkins ("Defendant Atkins") is a State Senator for the State of California and serves as President Pro Tempore of Defendant Senate. (Id. at ¶ 419) Plaintiff notified Defendant Atkins of his complaints about the FTB several times, but Defendant Atkins took no action in response to them. (Id.) Moreover, Defendant Atkins "appeared to have issued an instruction" that members of Defendant Senate should not help Plaintiff "on any matter whatsoever." (Id.) Defendant Atkins conspired with the other Defendants to "allow their behavior to go completely unchecked, as long as the [FTB] came up with large sums of money each year, some of which were laundered for the personal use of" Defendant Atkins's family. (Id.) Defendant Atkins operates LeSar Consulting, a "'nonprofit' entity controlled by [Defendant Atkins's spouse] that siphons money from the California state treasury to the pockets of her own family." (Id. at ¶ 108) LeSar Consulting offers "bogus 'consulting services'" related to homelessness to California state agencies. (Id.) LeSar Consulting serves "as a conduit to channel money stolen from Plaintiff and others into the pockets of Defendants, while providing nothing of value." (Id. at ¶ 109) "The more money that is stolen by the [FTB], the larger the pool of money available for Defendants to divert for their personal use through 'nonprofits' controlled by family members." (Id.)

Defendant Erika Contreras ("Defendant Contreras") serves as the Secretary of Defendant Senate. (Id. at ¶ 424) In this capacity, Defendant Contreras serves as chief legal counsel to Defendant Senate and is responsible for investigating and remedying complaints made to Defendant Senate about matters within Defendant Senate's

4

control. (Id.) "Defendant Contreras was made aware of Plaintiff's complaints numerous times but failed to assist." (Id.) Defendant Contreras "apparently" instructed other government officials not to assist Plaintiff. (Id.) Defendant Contreras conspired with the other Defendants to silence Plaintiff's complaint and not to use her office to facilitate any investigation of the other Defendants in exchange for "the generous salary and perks of her government position." (Id.)

Defendant Sheron Violini ("Defendant Violini") served as Deputy Secretary of Operations for Defendant Senate from 2008 until August 2021. (Id. at ¶ 425) In her role as Deputy Secretary of Operations, Defendant Violini was responsible for assisting members of the public with their complaints about state agencies and state legislators. (Id.) Because of her position, Defendant Violini "had the almost unlimited resources of the California state government at her disposal to resolve any matter, large or small." (Id.) Nonetheless, Defendant Violini did not assist Plaintiff with his complaints. (Id.) Instead, "Defendant Violini apparently issued or participated in implementing instructions that no elected official or State agency was to help Plaintiff with his complaint or any other complaint he may have in the future[.]" (Id.) Defendant Violini conspired with the other Defendants in exchange for "the generous salary and perks of her government position." (Id.)

Defendant Fred Zermeno ("Defendant Zermeno") is an employee of Defendant Senate. (Id. at ¶ 427) Defendant Zermeno works in the office of Senator Bob Archuleta, who sits on the Senate Committee of Veteran's Affairs. (Id.) Plaintiff is an honorably discharged veteran, so he contacted Senator Bob Archuleta's office. (Id.)

Defendant Zermeno did not assist Plaintiff. (Id.) Instead, he used his position "to quash Plaintiff's legitimate complaint under color of law." (Id.)

## II.   LEGAL STANDARDS

### a.  Lack of Personal Jurisdiction

Federal Rule of Civil Procedure 12(b) permits a party to assert various defenses, including the defense of lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2). In the complaint, a plaintiff must make a *prima facie* showing of personal jurisdiction over a non-resident defendant. See AcryliCon USA, LLC v. Silikal GmbH, 985 F.3d 1350, 1364 (11th Cir. 2021).  "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). "If the plaintiff pleads enough facts to state a prima facie basis for personal jurisdiction, the burden of proof shifts to the defendant to challenge the plaintiff's allegations by affidavits or other pleadings." PROCON USA COLLECTIONS, INC. v. Charnquist, No. 14–cv–02560, 2015 WL 1418757, at *1 (M.D. Fla. Mar. 27, 2015) (citing S.E.C. v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 2006)). "If the defendant sufficiently challenges the plaintiff's assertions, then the plaintiff must affirmatively support its jurisdictional allegations set forth in the complaint[.]" Id.

### b.  Failure to State a Claim

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev.

Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III.   DISCUSSION

The Court finds Plaintiff's claims against the Legislative Defendants must be dismissed for lack of personal jurisdiction and for failure to state a claim.

### a. Lack of Personal Jurisdiction

Plaintiff fails to establish a *prima facie* case of personal jurisdiction as to Legislative Defendants. To determine personal jurisdiction over a non-resident

defendant, courts use a two-part analysis. <u>Cable/Home Commc'n Corp. v. Network Prods., Inc.</u>, 902 F.2d 829, 855 (11th Cir. 1990). First, the court must determine whether a statutory basis for personal jurisdiction over the defendant exists. <u>See id.</u>; <u>S.E.C. v. Marin</u>, 982 F.3d 1341, 1349 (11th Cir. 2020). Next, the court must decide whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the either the Fifth or the Fourteenth Amendments.[2] <u>Cable/Home Commc'n Corp.</u>, 902 F.2d at 855 (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)). The "maintenance of the suit" must not "offend traditional notions of fair play and substantial justice." <u>Id.</u> (internal quotations omitted). If the complaint lacks allegations to show jurisdiction is appropriate under either part of the analysis, the plaintiff fails to establish a *prima facie* case of personal jurisdiction.

### i. Personal Jurisdiction Under 18 U.S.C. § 1965

Plaintiff cannot establish personal jurisdiction over the Legislative Defendants under 18 U.S.C. § 1965 because he has not served process on the Legislative Defendants. Plaintiff seeks to establish personal jurisdiction over the Legislative Defendants under the RICO statute's nationwide service of process provision. 18 U.S.C. § 1965(d). When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction over a person served according to the statute. <u>S.E.C. v. Marin</u>, 982 F.3d at 1349; <u>S.E.C. v. Carrillo</u>, 115 F.3d 1540, 1543

---

[2] If the statutory basis for personal jurisdiction is a federal statute, personal jurisdiction must comport with the Due Process Clause of the Fifth Amendment. If, however, the statutory basis for personal jurisdiction is the forum state's long-arm statute, personal jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment. <u>S.E.C. v. Marin</u>, 982 F.3d at 1349.

(11th Cir. 1997) (explaining "service of process constitutes the vehicle by which the court obtains jurisdiction"). To establish personal jurisdiction in this way, a plaintiff must serve the defendant "'according to' RICO's nationwide service of process provision." <u>Don't Look Media LLC v. Fly Victor Ltd.</u>, 999 F.3d 1284, 1292–93 (11th Cir. 2021) (finding personal jurisdiction based on 18 U.S.C. § 1965(d) inappropriate where the plaintiff did not serve any defendant in any United States judicial district). The Legislative Defendants have not been served with process in this case. Therefore, they have not been served "'according to' RICO's nationwide service of process provision." <u>Id.</u> Accordingly, Plaintiff cannot establish personal jurisdiction under 18 U.S.C. § 1965(d).

### ii. Personal Jurisdiction Under the Forum State's Long-Arm Statute

Plaintiff similarly fails to establish personal jurisdiction based on Florida's long-arm statute. Florida's long-arm statute provides for both general and specific personal jurisdiction. § 48.193, Fla. Stat. (2023). A court has general personal jurisdiction if the defendant engaged in "substantial and not isolated" activity in Florida. <u>Id.</u> at § 48.193(2). Florida courts have held that "substantial and not isolated activity" means "continuous and systematic general business contact" with Florida. <u>Autonation, Inc. v. Whitlock</u>, 276 F. Supp. 2d 1258, 1262 (S.D. Fla. 2003). On the other hand, a Florida court may exercise specific personal jurisdiction if the defendant deliberately directed activities to Florida and the alleged injury to the plaintiff arises from those activities. <u>See</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985); <u>see also</u> § 48.193(1),

Fla. Stat. (2023) (listing acts which, if committed in Florida, give rise to specific personal jurisdiction over the person or entity that committed them).

Plaintiff alleges no facts to show the Legislative Defendants are subject to Florida's long-arm statute. First, Plaintiff fails to establish a *prima facie* case of this Court's general personal jurisdiction under Florida's long-arm statute because Plaintiff alleges no specific facts to support the conclusion that the Legislative Defendants are engaged in "continuous and systematic" activity in Florida. Therefore, the complaint contains no allegations to support this Court's general personal jurisdiction over the Legislative Defendants.

Similarly, Plaintiff fails to establish a *prima facie* case of specific personal jurisdiction because Plaintiff does not allege the Legislative Defendants purposefully directed any of their activities to Florida. Plaintiff alleges the Legislative Defendants received Plaintiff's complaints about the FTB in California and ignored them. Plaintiff also alleges certain of Legislative Defendants instructed members of Defendant Senate not to assist Plaintiff with his complaints. Finally, Plaintiff alleges the Legislative Defendants conspired with the other Defendants to allow "abusive" practices to go unchecked. Taken as true, these acts or omissions, which allegedly establish the Legislative Defendants' liability, occurred within California. According to Plaintiff's allegations, the Legislative Defendants have not purposefully directed any of their activities to Florida. Therefore, this Court finds Plaintiff fails to establish a *prima facie* case of specific personal jurisdiction under Florida's long-arm statute as to the Legislative Defendants. Finding the exercise of neither general nor specific jurisdiction

appropriate under the statute, the Court concludes Plaintiff fails to satisfy the first part of the analysis regarding whether this Court's exercise of personal jurisdiction is appropriate.

### iii.  Personal Jurisdiction Comporting With Due Process

Plaintiff similarly fails to establish the Legislative Defendants have sufficient minimum contacts with Florida such that this Court's exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. To satisfy the requirements of due process, the defendant must have sufficient "minimum contacts" with the forum state. Cable/Home Commc'n Corp., 902 F.2d at 855 (quoting Int'l Shoe Co., 326 U.S. at 316).

This Court finds Plaintiff has not alleged sufficient facts to show the Legislative Defendants have sufficient minimum contacts with Florida. Plaintiff alleges the Legislative Defendants received Plaintiff's complaints about the FTB in California and ignored them. Plaintiff also alleges certain of the Legislative Defendants instructed members of Defendant Senate not to assist Plaintiff with his complaints. Finally, Plaintiff alleges the Legislative Defendants conspired with the other Defendants to allow "abusive" practices to go unchecked. These actions did not take place in Florida. Based on Plaintiff's own allegations, the Legislative Defendants have not committed any act by which they purposefully availed themselves of the privilege of conducting activities in Florida. For this reason, Plaintiff fails to establish the Legislative Defendants have minimum contacts with Florida sufficient to satisfy the Due Process Clauses of the Fifth and Fourteenth Amendments.

Therefore, Plaintiff fails to establish a *prima facie* case of this Court's personal jurisdiction over the Legislative Defendants, and Plaintiff's claims as to the Legislative Defendants are due to be dismissed without prejudice. <u>See</u> <u>Posner v. Essex Ins. Co., Ltd.</u>, 178 F.3d 1209, 1221 (11th Cir. 1999) (noting dismissal for lack of personal jurisdiction without prejudice precludes further litigation in Florida courts).

Nonetheless, assuming, *arguendo*, this Court had personal jurisdiction over the Legislative Defendants, the Complaint is due to be dismissed for failure to state a claim.

### b. Failure to State a Claim

Plaintiff fails to sufficiently plead that the Legislative Defendants violated any legally cognizable duty owed to him. Plaintiff alleges generally that the Legislative Defendants failed to address his complaints, and that certain of the Legislative Defendants instructed others not to assist him with his complaints. These factual allegations do not state a claim for any legal redress. First, as for those of the Legislative Defendants who are elected legislators, the Complaint sets forth no constitutional or statutory requirement that legislators respond to their constituents' complaints. <u>See</u> <u>DeGenes v. Murphy</u>, 289 F. App'x 558, 559 (3d Cir. 2008), <u>cert. denied</u>, 556 U.S. 1269 (2009). Moreover, even if Plaintiff pleaded that these legislators' alleged actions or omissions breached a legally cognizable duty, the defendant-legislators are entitled to legislative immunity. "Legislators have absolute immunity under section 1983 when they are 'acting within their legislative roles,' performing 'legislative acts.'" <u>Woods v. Gamel</u>, 132 F.3d 1417, 1419 (11th Cir. 1998) (citations

omitted). While the immunity "'extends only to actions taken within the sphere of legitimate legislative activity[,]'" id. (citations omitted), the decision to respond to complaints from constituents falls within the sphere of legislative activity. See Marlowe v. Guzman, No. 22-CV-1003, 2023 WL 2606607, at *6 (M.D. Penn. Mar. 2, 2023) ("Helping constituents is clearly related to the core Speech or Debate duties of a senator and should be protected by immunity."). Thus, the defendant-legislators are absolutely immune from suit for their decision not to respond to or to try to ameliorate Plaintiff's complaints.

As for those of the Legislative Defendants who are employees of the California state legislature or employees of individual legislators, Plaintiff sets forth no common law duty owed to him that was breached by the alleged conduct.

Finally, although Plaintiff alleges Defendant Atkins's spouse owns a consulting company that launders money obtained by the FTB, Plaintiff fails to allege standing to sue Defendant Atkins for this alleged activity. To establish the injury in fact element of standing, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way," and is not "'undifferentiated.'" Id. at 339 (citations omitted). Plaintiff alleges Defendant Atkins's spouse's consulting firm "siphons money from the California state treasury to the pockets of her own family." (Dkt. 51 at ¶ 108) If true, this allegation presents an

undifferentiated injury to the California public that is not particularized to Plaintiff. Thus, Plaintiff fails to allege standing as to this allegation against Defendant Atkins.

Plaintiff fails to plead grounds for his entitlement to relief, therefore, the Complaint is due to be dismissed.

## IV.    CONCLUSION

 Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Legislative Defendants' Motion to Dismiss the Second Amended Complaint, (Dkt. 67), is **GRANTED for lack of personal jurisdiction**.

2. The Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to the Legislative Defendants. **THE ACTION MAY NOT BE REFILED IN THIS COURT**.


**DONE and ORDERED** in Tampa, Florida this 25th day of June 2024.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE




**Copies furnished to:**
Counsel of Record
Any Unrepresented Party

14