UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC GEROW,

    Plaintiff,

v.                              Case No.: 8:22-cv-2976-MSS-LSG

GAVIN NEWSOM, et al.,

    Defendants.
_____/

**ORDER**

The plaintiff Eric Gerow moves for my recusal because I worked for the United States Attorney's Office in the Middle District of Florida, whose current leader is United States Attorney Roger Handberg. Doc. 153. Because I find that neither 28 U.S.C. § 455 nor controlling precedent requires my recusal, and because I can fairly and impartially adjudicate any matter referred to me in this case, I deny Gerow's motion.

    **I.**     **BACKGROUND**

Proceeding *pro se*, Gerow sued Gavin Newsom, who currently serves as the governor of California, as well as dozens of individuals and both federal and state entities, including the United States Department of Justice. Doc. 1. Gerow twice amended his complaint. Docs. 25, 51. The 277-page second amended complaint adds United States Attorney Roger Handberg to the list of fifty-one defendants and "Jane or John Does 1-100." Doc. 51. A motion to dismiss argues, among other

things, that Mr. Handberg enjoys absolute immunity. Doc. 81. That motion remains pending.

A May 2, 2024, order, Doc. 130, dismisses Gerow's claims against the California State Auditor for lack of personal jurisdiction. Shortly thereafter, Gerow moved to recuse presiding United States District Judge Mary S. Scriven, which motion she denied. Docs. 136, 138. Gerow had earlier and unsuccessfully moved to recuse Judge Scriven after she denied as procedurally defective his motion for a temporary restraining order. Docs. 89, 91, 111, 119. More recently, contemporaneous orders dismiss Gerow's claims against members of the California legislative and executive branches. Docs. 144, 145. An appeal followed. Doc. 150.

On October 4, 2024, the Clerk re-assigned this case to me from the unassigned magistrate judge docket. Doc. 152. Gerow moves to recuse and argues that, because I worked for the United States Attorney's Office until very recently, I necessarily harbor bias toward Mr. Handberg, the Department of Justice, the Federal Bureau of Investigation, the Department of Homeland Security, United States Attorney for the Eastern District of California Philip Talbert, and Timothy Johnstone, an alleged affiliate of Mr. Talbert's office. Citing no legal authority, Gerow asserts that "a reasonable party observing in a neutral capacity could reasonably find" grounds for recusal based on my prior employment. Doc. 153.

II.     MEMORANDUM OF LAW

Section 455 of Title 28, United States Code, governs recusal of a magistrate judge. Section 455(a) requires disqualification in any circumstance in which the

2

judge's impartiality "might reasonably be questioned." Section 455(b) delineates a non-exclusive list of circumstances in which a judge's impartiality is subject to reasonable dispute. A circumstance triggering recusal under Section 455(a) requires disqualification, even if not enumerated in Section 455(b). *Liljeberg v. Health Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988). However, if Section 455(b) identifies a circumstance requiring disqualification, that tends to control the Section 455(a) analysis of that circumstance. *Liteky v. United States*, 510 U.S. 540, 552-53 (1994). In other words, Section 455(b)(3) "fixes the standard for Section 455(a) recusal" based on prior government employment. *United States v. Champlin*, 388 F. Supp. 2d 1177, 1183 (D. Haw. July 28, 2005).

If a magistrate judge worked for the government, Section 455(b)(3) requires recusal when the judge "in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." This provision "requires actual participation by the judge in the particular case in some fashion." *Siddiqui v. Wade*, No. 1:06-cv-1396-WSD-RGV, 2007 WL 9702158, *2 (N.D. Ga. Jan. 4, 2007) (citing *Magnum v. Hargett*, 67 F. 3d 80, 83 (5th Cir. 1995)). Thus, Section 455(b)(3) disqualifies a judge who formerly served as an Assistant United States Attorney from only those cases in which the judge participated. *Siddiqui*, 2007 WL 9702158 at *2 (collecting cases).

As an Assistant United States Attorney, I neither participated in nor expressed an opinion on the merit of this case. Accordingly, recusal under Section 455(b)(3) is unnecessary, and this controls the analysis under Section 455(a). Nonetheless, even if

3

I consider Gerow's request separately under Section 455(a), the motion fails.

"The standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality[.]'" *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)) (citation omitted). A judge must not recuse herself "when there is no occasion for [her] to do so" and should not recuse herself "on unsupported, irrational, or highly tenuous speculation." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014). "Rather, a charge of partiality must be supported by facts." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986); *see Exxon Mobil Corp. v. United States*, 110 Fed. Cl. 407, 412-13 (2013) (explaining that courts "have been reluctant to use Section 455(a) to expand the scope of Section 455(b) by finding an appearance of partiality where the circumstances fall short of Section 455(b), and the party does not offer additional facts to support recusal under Section 455(a).").

Here, Gerow speculates about potential bias in favor of the federal defendants based exclusively on my prior employment with the United States Attorney's Office. That fact alone cannot sustain a charge of partiality. If construed as sufficient for recusal, a judge's prior employment with the United States Attorney's Office would, without more, require recusal from every case involving the United States, as well as any of its agencies, officers, or employees. This would be untenable and contrary to the text and purpose of 28 U.S.C. § 455. *See In re Moody*, 755 F.3d at 894-95.

Because I can—and will—fairly and impartially adjudicate any matter referred to me in this case, and because recusal is unwarranted under 28 U.S.C. § 455, I will deny Gerow's motion.

### III. CONCLUSION

Accordingly, Eric Gerow's motion for recusal, Doc. 153, is **DENIED**.

**ORDERED** in Tampa, Florida, on this 1st day of November, 2024.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

5